**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTIRCT OF FLORIDA
FORT PIERCE DIVISION**

JENNIFER D. HEARD,    )
          )
   Plaintiff,    )
          ) Case No.
v.          )
          ) **PLAINTIFF DEMANDS**
MARTIN COUNTY SHERIFF&cent;S  ) **TRIAL BY JURY**
OFFICE, BREVARD COUNTY  )
SHERIFF&cent;S OFFICE, FLORIDA  )
DEPARTMENT OF HIGHWAY SAFETY )
AND MOTOR VEHICLES, FLORIDA )
DEPARTMENT OF LAW   )
ENFORCEMENT, ESCAMBIA  )
COUNTY SHERIFF&cent;S OFFICE,  )
GAINESVILLE POLICE DEPARTMENT, )
INDIAN RIVER COUNTY SHERIFF&cent;S )
OFFICE, MOUNT DORA POLICE  )
DEPARTMENT, OSCEOLA COUNTY )
SHERIFF&cent;S OFFICE, PALM BEACH )
COUNTY SHERIFF&cent;S OFFICE, PALM )
BEACH GARDENS POLICE   )
DEPARTMENT, PORT SAINT LUCIE )
POLICE DEPARTMENT, SEMINOLE )
COUNTY SHERIFF&cent;S OFFICE,  )
SEWALL&cent;S POINT POLICE   )
DEPARTMENT, SAINT LUCIE COUNTY )
SHERIFF&cent;S OFFICE, STUART POLICE )
DEPARTMENT, WILLIAM D. SNYDER, )
PAM BONDI, WAYNE IVEY,  )
JENNY NIMER, JULIE L. JONES, )
AURELIO L. RAMIL,   )
GERALD M. BAILEY, DAVID MORGAN,)
TONY JONES, DERYL LOAR,  )
RANDALL T. SCOGGINS,  )
LISA GOODNER, BOB HANSEL, )
RIC L. BRADSHOW, STEPHEN J. STEPP,)
JOHN A. BOLDUC,   )
DONALD F. ESLINGER,  )
LARRY MCCARTY, KEN J. MASCARA, )
DAVID DYESS,    )
PAUL REEDER, CHRISTINE MARIE )
SMITH, FRANK WILLIAM  )

DiVINCENZO, PRISCILLA ALFORD,        )
JAMES LANDEN,                         )
EARL EDGECOMB,                        )
NATASHA MONIQUE WILLIS,              )
MAC A. MICKENS,                       )
LIZETTE MORALES,                      )
STEPHANIE WESTLEY,                    )
SHAWN T. BARNES,                      )
DAVID S. BAILEY,                      )
ANTHONY SCHNEIDER,                    )
BILL O. DOWDY,                        )
BRIAN E. GERVAIS,                     )
BRIAN J. YOUNGBLOOD,                  )
BRIAN KEVIN BROUGHTON,                )
CEDRIC GUY HUMPRHEY,                  )
CHARLES JASON WARD,                   )
DANIEL FOOTE,                         )
GARY RICHARD BACH,                    )
GLENN ZIRKLE, GRACE-MARIE ZOPF,       )
IRISSEL G. SCLANDRA,                  )
JAMES RICHARD PIATAK,                 )
JENNIFER WILSON,                      )
JOHN D. CUMMINGS,                     )
KANDI ANN FARINEU,                    )
KERRY BURGESS MEGLE,                  )
LAUREN KATHLEEN HINES,                )
LISA ANN WEBB,                        )
SARAH M. ROGERS,                      )
SUZANNE B. CLONAN,                    )
TAWNYA RICH,                          )
THIMOTHY JOSEPH BALTES JR.,           )
TRISH GREEN,                          )
WILLIAM R. MCCAW,                     )
WILLIAM R. WEISS,                     )
KATE SIEMER,                          )
CHRISTOPHER SAMUELS,                  )
JASON FOREHAND,                       )
KIMBERLY L. CONYERS,                  )
RANDOM WILLIAMSON,                    )
THOMAS HENDERSON,                     )
GREGORY T. DOUBERLEY,                 )
JOHN GLENN RIVERS,                    )
ROY DEMARCO,                          )
SEAN M. DEVRIEND,                     )
SOHALL KHAN,                          )
DENNIS BEATH,                         )

CHRISTOPHER BENTLEY,                    )
MATTHEW JAMES WOOD,                     )
MICHAEL CONNOR,                         )
RICHARD S. GIACCONE,                    )
SHANNON DEWAYNE MILLER,                 )
JAMES BUTTERWORTH,                      )
REGGIE WITTEY,                          )
DAVID SMITH,                            )
FRED MASSONI,                           )
LINDA KANE,                             )
SEAN KANE,                              )
TRACIE PRESLEY,                         )
VINCENT BONAGURE,                       )
DIANE KIRKLAND,                         )
FABIAN PIERCE,                          )
CITY OF STUART, TOWN OF                 )
SEWALL⊘S POINT,                         )
CITY OF GAINESVILLE, CITY OF            )
MOUNT DORA, CITY OF PALM BEACH          )
GARDENS, CITY OF PORT SAINT             )
LUCIE, SAINT MARTIN COUNTY,             )
BREVARD COUNTY,                         )
ESCAMBIA COUNTY, INDIAN RIVER           )
COUNTY, OSCEOLA COUNTY,                 )
PALM BEACH COUNTY, SEMINOLE             )
COUNTY AND SAINT LUCIE COUNTY           )
and MIGUEL PERALES, UNKNOWN             )
DEFENDANTS,                             )
                                        )
        Defendants.                     )

## COMPLAINT

Plaintiff, JENNIFER D. HEARD ("Heard"), by and though her undersigned attorneys,

complains against Defendants, MARTIN COUNTY SHERIFF⊘S OFFICE, BREVARD

COUNTY SHERIFF⊘S OFFICE, FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND

MOTOR VEHICLES, FLORIDA DEPARTMENT OF LAW ENFORCEMENT, ESCAMBIA

COUNTY SHERIFF⊘S OFFICE, GAINESVILLE POLICE DEPARTMENT, INDIAN RIVER

COUNTY SHERIFF⊘S OFFICE, MOUNT DORA POLICE DEPARTMENT, OSCEOLA

COUNTY SHERIFF⊘S OFFICE, PALM BEACH COUNTY SHERIFF⊘S OFFICE, PALM

3

BEACH GARDENS POLICE DEPARTMENT, PORT SAINT LUCIE POLICE DEPARTMENT, SEMINOLE COUNTY SHERIFF∕S OFFICE, SEWALL∕S POINT POLICE DEPARTMENT, SAINT LUCIE COUNTY SHERIFF∕S OFFICE, STUART POLICE DEPARTMENT, WILLIAM D. SNYDER, PAM BONDI, WAYNE IVEY, JENNY NIMER, JULIE L. JONES, AURELIO L. RAMIL, GERALD M. BAILEY, DAVID MORGAN, TONY JONES, DERYL LOAR, RANDALL T. SCOGGINS, LISA GOODNER, BOB HANSEL, RIC L. BRADSHOW, STEPHEN J. STEPP, JOHN A. BOLDUC, DONALD F. ESLINGER, LARRY MCCARTY, KEN J. MASCARA, DAVID DYESS, PAUL REEDER, CHRISTINE MARIE SMITH, FRANK WILLIAM DiVINCENZO, PRISCILLA ALFORD, JAMES LANDEN, EARL EDGECOMB, NATASHA MONIQUE WILLIS, MAC A. MICKENS, LIZETTE MORALES, STEPHANIE WESTLEY, SHAWN T. BARNES, DAVID S. BAILEY, ANTHONY SCHNEIDER, BILL O. DOWDY, BRIAN E. GERVAIS, BRIAN J. YOUNGBLOOD, BRIAN KEVIN BROUGHTON, CEDRIC GUY HUMPRHEY, CHARLES JASON WARD, DANIEL FOOTE, GARY RICHARD BACH, GLENN ZIRKLE, GRACE-MARIE ZOPF, IRISSEL G. SCLANDRA, JAMES RICHARD PIATAK, JENNIFER WILSON, JOHN D. CUMMINGS, KANDI ANN FARINEU, KERRY BURGESS MEGLE, LAUREN KATHLEEN HINES, LISA ANN WEBB, SARAH M. ROGERS, SUZANNE B. CLONAN, TAWNYA RICH, THIMOTHY JOSEPH BALTES JR., TRISH GREEN, WILLIAM R. MCCAW, WILLIAM R. WEISS, KATE SIEMER, CHRISTOPHER SAMUELS, JASON FOREHAND, KIMBERLY L. CONYERS, RANDOM WILLIAMSON, THOMAS HENDERSON, GREGORY T. DOUBERLEY, JOHN GLENN RIVERS, ROY DEMARCO, SEAN M. DEVRIEND, SOHALL KHAN, DENNIS BEATH, CHRISTOPHER BENTLEY, MATTHEW JAMES WOOD, MICHAEL CONNOR, RICHARD S. GIACCONE, SILENA

POPE, SHANNON DEWAYNE MILLER, JAMES BUTTERWORTH, REGGIE WITTEY, DAVID SMITH, FRED MASSONI, LINDA KANE, SEAN KANE, TRACIE PRESLEY, VINCENT BONAGURE, DIANE KIRKLAND, FABIAN PIERCE, CITY OF STUART, CITY OF GAINESVILLE, CITY OF MOUNT DORA, CITY OF PALM BEACH GARDENS, CITY OF PORT SAINT LUCIE, TOWN OF SEWALL'S POINT, MARTIN COUNTY, BREVARD COUNTY, ESCAMBIA COUNTY, INDIAN RIVER COUNTY, OSCEOLA COUNTY, PALM BEACH COUNTY, SEMINOLE COUNTY AND SAINT LUCIE COUNTY, MIGUEL PERALES and UNKNOWN DEFENDANTS, as follows:

## I.    NATURE OF THE CASE

1.    This is an action for injunctive relief and money damages brought under 42 U.S. C. § 1983; the Driver's Privacy Protection Act of 1994, 18 U.S.C. §§ 2721-2725 ("Driver Privacy Protection Act"); the Fourth Amendment; the Fourteenth Amendment; and Florida common law for unauthorized invasion of privacy through searches of Plaintiff's confidential records.

2.    The gravamen of the claims under the statutory and common law provisions cited above is that Florida law enforcement officers, without legal authorization or justification, accessed Plaintiff's confidential records more than two-hundred (200) times from February 28, 2008, to the present time; and, on information and belief, conducted additional unauthorized and illegal searches prior to that time period.   As a result of these searches, Plaintiff has been harassed and has suffered physical and emotional harm, for which Plaintiff seeks declaratory, injunctive and monetary relief.

## II.    PARTIES

3.    Plaintiff, Heard, is an individual residing in Stuart, Florida.

**Martin County Sheriff's Office**

4.      Defendant, Martin County Sheriff's Office ("MCSO"), is a governmental body, duly organized and existing under the laws of the State of Florida.

5.      Defendant, William D. Snyder, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Sheriff of MCSO.

6.      Defendant, Paul Reeder, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

7.      Defendant, Fabian Pierce, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

8.      Defendant, Anthony Schneider, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

9.      Defendant, Bill O. Dowdy, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

10.     Defendant, Brian E. Gervias, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted

both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

11.     Defendant, Brian J. Youngblood, upon information and belief is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

12.     Defendant, Brian Kevin Broughton, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

13.     Defendant, Cedric Guy Humphrey, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

14.     Defendant, Charles Jason Ward, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

15.     Defendant, Daniel Foote, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

16.     Defendant, Gary Richard Bach, upon information and belief, is and at all relevant

times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

17.    Defendant, Glenn Zirkle, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

18.    Defendant, Grace-Marie Zopf, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the MCSO.

19.    Defendant, Irissel G. Sclandra, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

20.    Defendant, James Richard Piatak, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

21.    Defendant, Jennifer Wilson, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the MCSO.

22.     Defendant, John D. Cummings, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

23.     Defendant, Kandi Ann Farineau, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the MCSO.

24.     Defendant, Kerry Burgess Megie, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the MCSO.

25.     Defendant, Lauren Kathleen Hines, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the MCSO.

26.     Defendant, Lisa Ann Webb, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the MCSO.

27.     Defendant, Paul Reeder, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee

of the MCSO.

28.     Defendant, Sarah M. Rogers, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the MCSO.

29.     Defendant, Suzanna B. Clonan, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the MCSO.

30.     Defendant, Tawnya Rich, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the MCSO.

31.     Defendant, Timothy Joseph Baltes Jr., upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

32.     Defendant, Trish Green, upon information and belief, is and, at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the MCSO.

33.     Defendant, William R. McCaw, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted

both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

34.    Defendant, William R. Weiss, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the MCSO.

### Office of the State Attorney

35.    Defendant, Pam Bondi, is, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as Attorney General of the State of Florida.

36.    Defendant, Christian Marie Smith, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the Office of the State Attorney for the State of Florida.

37.    Defendant, Frank William DiVincerzo, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the Office of the State Attorney for the State of Florida.

38.    Defendant, Priscilla Alford, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the Office of State the Attorney for the State of Florida.

### Brevard County Sheriff's Office

39.    Defendant, Brevard County Sheriff's Office, is a governmental body duly

organized and existing under the laws of the State of Florida.

40.     Defendant, Wayne Ivey, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Sheriff of Brevard County.

41.     Defendant, James Landen, upon information and belief, is and, at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the Brevard County Sheriff's Office.

## Department of Corrections, Office of Community Corrections

42.     Defendant, Jenny Nimer, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as Assistant Secretary of the Office of Community Corrections.

43.     Defendant, Earl Edgecomb, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the Department of Corrections, Office of Community Corrections.

44.     Defendant, Natasha Monique Willis, upon information and belief, is and at all relevant times has been, a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as supervisor, deputy, officer, or employee of the Department of Corrections, Office of Community Corrections.

## Florida Department of Highway Safety and Motor Vehicles

45.     Defendant, Florida Department of Highway Safety and Motor Vehicles ("DHSMV"), is a governmental body duly organized and existing under the laws of the State of

Florida.

46.     Defendant, Julie L. Jones ("Defendant Jones"), upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as an Executive Director of the DHSMV.

47.     Defendant, Aurelio L. Ramil, upon information and belief, is and, at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Major and commander of Troop L-West Palm.

48.     Defendant, Mac A. Mickens, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the DHSMV, Troop L-West Palm.

**Florida Department of Law Enforcement ("FDLE")**

49.     Defendant, FDLE, is a governmental body duly organized and existing under the laws of the State of Florida.

50.     Defendant, Gerald M. Bailey ("Defendant Bailey"), upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as a Commissioner of the FDLE.

51.     Defendant, Lizette Morales, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as supervisor, deputy, officer, or employee of the FDLE.

### Escambia County Sheriff's Office

52.     Defendant, Escambia County Sheriff's Office, is a governmental body duly organized and existing under the laws of the State of Florida.

53.     Defendant, David Morgan, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Sheriff of Escambia County Sheriff's Office.

54.     Defendant, Stefanie Westley, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as deputy, employee, agent, or representative of the Escambia County Sheriff's Office.

### Gainesville Police Department

55.     Defendant, Gainesville Police Department, is a governmental body duly organized and existing under the laws of the State of Florida.

56.     Defendant, Tony Jones, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Captain and Chief of the Gainesville Police Department.

57.     Defendant, Shawn T. Barnes, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Gainesville Police Department.

### Indian River County Sheriff's Office

58.     Defendant, Indian River County Sheriff's Office, is a governmental body, duly

organized and existing under the laws of the State of Florida.

59.     Defendant, Deryl Loar, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Sheriff of Indian River County Sheriff's Office.

60.     Defendant, David S. Bailey, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Indian River County Sheriff's Office.

**Mount Dora Police Department**

61.     Defendant, Mount Dora Police Department, is a governmental body duly organized and existing under the laws of the State of Florida.

62.     Defendant, Randall T. Scoggins, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Chief of Mount Dora Police Department.

63.     Defendant, Kate Siemer, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as deputy, employee, agent, or representative of the Mount Dora Police Department.

**Office of the State Courts Administrator ("OSCA")**

64.     Defendant, Lisa Goodner, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as State Courts Administrator.

65.     Defendant, Christopher Samuels, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the OSCA.

66.     Defendant, Jason Forehand, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the OSCA.

67.     Defendant, Kimberly L. Conyers, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as deputy, employee, agent, or representative of the OSCA.

68.     Defendant, Random Williamson, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the OSCA.

69.     Defendant, Thomas Henderson, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the OSCA.

**Osceola County Sheriff's Office**

70.     Defendant, Osceola County Sheriff's Office, is a governmental body duly organized and existing under the laws of the State of Florida.

71.     Defendant, Bob Hansel, upon information and belief, is and at all relevant times

has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Sheriff of Osceola County Sheriff's Office.

72.     Defendant, Gregory T. Douberley, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Osceola County Sheriff's Office.

### Palm Beach County Sheriff's Office

73.     Defendant, Palm Beach County Sheriff's Office, is a governmental body duly organized and existing under the laws of the State of Florida.

74.     Defendant, Ric L. Bradshow, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Sheriff of Palm Beach County Sheriff's Office.

75.     Defendant, John Glenn Rivers, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Palm Beach County Sheriff's Office.

76.     Defendant, Roy DeMarco, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Palm Beach County Sheriff's Office.

77.     Defendant, Sean M. DeVriend, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted

both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Palm Beach County Sheriff's Office.

78.     Defendant, Sohail Khan, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Palm Beach County Sheriff's Office.

## Palm Beach Gardens Police Department

79.     Defendant, Palm Beach Gardens Police Department, is a governmental body duly organized and existing under the laws of the State of Florida.

80.     Defendant, Stephen J. Stepp, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Chief of Palm Beach Gardens Police Department.

81.     Defendant, Dennis Beath, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Palm Beach Gardens Police Department.

## Port St. Lucie Police Department

82.     Defendant, Port St. Lucie Police Department, is a governmental body duly organized and existing under the laws of the State of Florida.

83.     Defendant, John A. Bolduc, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Chief of Port St. Lucie Police Department.

84.     Defendant, Christopher Bentley, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Port St. Lucie Police Department.

85.     Defendant, Matthew James Wood, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Port St. Lucie Police Department.

86.     Defendant, Michael Connor, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Port St. Lucie Police Department.

87.     Defendant, Richard S. Giaccone, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Port St. Lucie Police Department.

**Seminole County Sheriff's Office**

88.     Defendant, Seminole County Sheriff's Office, is a governmental body duly organized and existing under the laws of the State of Florida.

89.     Defendant, Donald F. Eslinger, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Sheriff of Seminole County Sheriff's Office.

90.     Defendant, Shannon Dewayne Miller, upon information and belief, is and at all

relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Seminole County Sheriff's Office.

### Sewall's Point Police Department

91.     Defendant, Sewall's Point Police Department, is a governmental body duly organized and existing under the laws of the State of Florida.

92.     Defendant, Larry McCarty, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Chief of Sewall's Point Police Department.

93.     Defendant, James Butterworth, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Sewall's Point Police Department.

### Saint Lucie County Sheriff's Office

94.     Defendant, Saint Lucie County Sheriff's Office, is a governmental body duly organized and existing under the laws of the State of Florida.

95.     Defendant, Ken J. Mascara, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Sheriff of Saint Lucie County Sheriff's Office.

96.     Defendant, Reggie Wittey, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or

representative of the Saint Lucie County Sheriff's Office, Criminal Investigations.

97.     Defendant, David Smith, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Saint Lucie County Sheriff's Office.

98.     Defendant, Fred Massoni, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Saint Luice County Sheriff's Office.

99.     Defendant, Linda Kane, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as deputy, employee, agent, or representative of the Saint Lucie County Sheriff's Office.

100.    Defendant, Sean Kane, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Saint Lucie County Sheriff's Office.

101.    Defendant, Tracie Presley, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as deputy, employee, agent, or representative of the Saint Lucie County Sheriff's Office.

102.    Defendant, Vincent Bonagura, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted

both in his individual capacity and in his official capacity as deputy, employee, agent, or representative of the Saint Lucie County Sheriff's Office.

### Stuart Police Department

103.    Defendant, Stuart Police Department, is a governmental body duly organized and existing under the laws of the State of Florida.

104.    Defendant, David Dyess, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in his individual capacity and in his official capacity as Chief of Stuart Police Department.

105.    Defendant, Diane Kirkland, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted both in her individual capacity and in her official capacity as deputy, employee, agent, or representative of the Stuart Police Department.

106.    The remaining Unknown Defendants are not presently known. Plaintiff anticipates that this information will become known through discovery.

### Municipalities

107.    Defendants, City of Stuart, City of Gainesville, City of Mount Dora, City of Palm Beach Gardens, City of Port Saint Lucie, Town of Sewall's Point, and Unknown Defendants, are municipalities of the State of Florida and are hereby collectively referred to as "Municipalities."

108.    Defendants, Martin County Sheriff's Office, Brevard County Sheriff's Office, Florida Department of Highway Safety and Motor Vehicles, Florida Department of Law Enforcement, Escambia County Sheriff's Office, Gainesville Police Department, Indian River County Sheriff's Office, Mount Dora Police Department, Osceola County Sheriff's Office, Palm Beach County Sheriff's Office, Palm Beach Gardens Police Department, Port Saint Lucie Police Department, Seminole County Sheriff's Office, Sewall's Point Police Department, Saint Lucie

County Sheriff's Office, Stuart Police Department and Unknown Defendants, are hereby collectively referred to as "Defendant Entities."

109.     Defendants, Martin County, Brevard County, Escambia County, Indian River County, Osceola County, Palm Beach County, Seminole County and Saint Lucie County are hereby collectively referred to as "Defendant Counties."

110.     Defendants, William D. Snyder, Pam Bondi, Wayne Ivey, Jenny Nimer, Julie L. Jones, Gerald M. Bailey, David Morgan, Tony Jones, Deryl Loar, Randall T. Scoggins, Lisa Goodner, Bob Hansel, Ric L. Bradshow, Stephen J. Stepp, John A. Bolduc, Donald F. Eslinger, Larry McCarty, Ken J. Mascara, David Dyess and Unknown Defendants, are hereby collectively referred to as "Defendant Supervisors."

111.     Defendants, Paul Reeder, Christine Marie Smith, Frank William Divincenzo, Priscilla Alford, James Landen, Earl Edgecomb, Natasha Monique Willis, Mac A. Mickens, Lizette Morales, Stephanie Westley, Shawn T. Barnes, David S. Bailey, Anthony Schneider, Bill O. Dowdy, Brian E. Gervais, Brian J. Youngblood, Brian Kevin Broughton, Cedric Guy Humprhey, Charles Jason Ward, Daniel Foote, Gary Richard Bach, Glenn Zirkle, Grace-Marie Zopf, Irissel G. Sclandra, James Richard Piatak, Jennifer Wilson, John D. Cummings, Kandi Ann Farineu, Kerry Burgess Megle, Lauren Kathleen Hines, Lisa Ann Webb, Sarah M. Rogers, Suzanne B. Clonan, Tawnya Rich, Thimothy Joseph Baltes Jr., Trish Green, William R. Mccaw, William R. Weiss, Kate Siemer, Christopher Samuels, Jason Forehand, Kimberly L. Conyers, Randaom Williamson, Thomas Henderson, Gregory T. Douberley, John Glenn Rivers, Roy Demarco, Sean M. Devriend, Sohall Khan, Dennis Beath, Christopher Bentley, Matthew James Wood, Michael Connor, Richard S. Giaccone, Silena Pope, Shannon Dewayne Miller, James Butterworth, Reggie Wittey, David Smith, Fred Massoni, Linda Kane, Sean Kane, Tracie

Presley, Vincent Bonagure, Diane Kirkland, Fabian Pierce and Unknown Defendants, are hereby collectively referred to as "Individual Defendants" and each of them is hereby referred to as "Individual Defendant."

## Miguel Perales

112.    Defendant, Miguel Perales, upon information and belief, is and at all relevant times has been a citizen of the United States and a resident of the State of Florida, and has acted in his individual capacity and hereby shall be referred to as "Perales."

## III.    JURISDICTION AND VENUE

113.    This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. §§ 1983 & 1988; and the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq.,* 18 U.S.C. §§ 1331 & 1343(a)(3).

114.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), as several Defendants reside in this judicial district.

## IV.    ALLEGATIONS COMMON TO ALL COUNTS

### A.  CREATION OF THE DAVID SYSTEM

115.    The State of Florida, under the supervision of the Department of Highway Safety and Motor Vehicles (the "DHSMV"), created a database called the Driver and Vehicle Information Database, sometimes referred to as the DAVID system.

116.    Information stored on the DAVID system includes:   all information about a person in reference to their Florida driver's license, including: the licensee's name, address and phone number; whether the licensee's Florida driver's license is valid; the licensee's current and past driver's license photographs; the licensee's identification cards; a history of the licensee's citations; an activity history with respect to the driver's license; a listing of all vehicles registered

24

to the licensee; and the license plate tag numbers for those vehicles.

117.    Access to the DAVID system is limited and must be approved by the DHSMV and the FDLE, under the direction of Defendant Supervisors.

118.    The DAVID system permits law enforcement personnel, under certain specific circumstances, to access highly confidential personal information with respect to holders of Florida driver's licenses.

119.    Florida law provides safeguards which are designed to protect the privacy of individuals whose personal information is included in the DAVID database.

120.    The login page to the DAVID system includes the following monition:

All data contained within the DAVID system is sensitive and privileged information and shall be handled accordingly. To maintain the integrity of this information, the records will be accorded proper management and security, and will only be accessed and used by authorized personnel in accordance with state and federal law.

Activity associated with any aspect of the DAVID system is subject to detailed monitoring and audits to protect against improper or unauthorized use. Unauthorized use includes, but is not limited to, queries not related to a legitimate business purpose, personal use, dissemination, sharing, copying, or passing of the DAVID information to unauthorized users and could result in civil proceedings against the offending agency and or criminal proceedings against any user or other person involved. Violations or misuse may also subject the user and the user's agency to administrative sanctions and possible disciplinary action by their agency, and could result in the DAVID access termination.

121.    Any individual or agency that accesses the DAVID system consents to having their use of the system monitored, and further consents to a series of potential sanctions for any abuse of the system.

122.    To grant access to the DAVID system, a Memorandum of Understanding between DHSMV, the FDLE and other law enforcement agencies is created that states that a law enforcement agency or officer who determines that personal information on the DAVID system

has been compromised by an unauthorized access, distribution, use, modification, or disclosure must immediately notify the DHSMV and the affected individual following the determination of the compromise.

123.     The Memorandum of Understanding requires that law enforcement agencies that utilize the DAVID system: a) conduct quarterly quality controls on user accounts; b) regularly monitor access of information; and c) conduct an annual audit to ensure proper use of the DAVID system and proper dissemination of any information accessed.

124.     Regarding information concerning emergency contacts contained on the DAVID system, Florida Statutes Section 119.0712(2)(c) provides, in pertinent part: "[w]ithout the express consent of the person to whom such emergency contact information applies, the emergency contact information contained in a motor vehicle record may be released only to law enforcement agencies for purposes of contacting those listed in the event of an emergency."

125.     On information and belief, both law enforcement agencies and individual law enforcement officers, including Individual Defendants named in this Complaint, received training that includes a warning against accessing information maintained on the DAVID system for unauthorized purposes, unless it was their own private driver's license information.

126.     The DHSMV, under the direction of Julie L. Jones, maintained and updated the database that includes Plaintiff's driver's license information.

127.     The FDLE under the direction of Gerald M. Bailey, provided access to the database that includes Plaintiff's driver's license information.

128.     The FDLE and DHSMV, under the direction of Gerald M. Bailer and Julie L. Jones, had the ability to ascertain that driver's license information, including Plaintiff's, was

being accessed on numerous occasions, by multiple law enforcement personnel from a variety of law enforcement agencies.

129.    The FDLE and DHSMV, under the direction of Gerald M. Bailer and Julie L. Jones, had the ability to prevent unauthorized access to Plaintiff's driver's license information.

130.    The FDLE and DHSMV, under the direction of Gerald M. Bailer and Julie L. Jones, failed to prevent unauthorized access to the database including access to Plaintiff's driver's license information.

131.    The policy of the State of Florida is to uphold the provisions of the law, both state and federal, and to protect and safeguard the privacy rights of Florida's citizens and inhabitants, including its drivers' privacy rights, and including those rights as are required to be protected by federal law.  In particular, it is the policy of the State of Florida to comply with the provisions and requirements of the Driver Privacy Protection Act, 18 U.S.C. § 2721, et. seq.

## B. PLAINTIFF'S EMPLOYMENT WITH THE MARTIN COUNTY SHEFIFF'S OFFICE.

132.    Plaintiff, Jennifer Heard, joined the MCSO in 1996 as a Deputy Sheriff.

133.    In January 2001, Heard was promoted to the rank of detective by a vote of the then-existing detectives in the MCSO.  As a detective, Heard became a member of the Criminal Investigation Division ("CID") of the MCSO.

134.    Over the next six years, Heard received numerous awards and citations and was chosen to be part of the prestigious Homeland Security Team.

135.    Heard's success did not sit well with a contingent of detective's in the CID.  As a result, Heard became the target of unfounded rumors, degrading comments, sexual harassment and discrimination, which Heard documented.

136.    Between 2008 and 2012, Heard was forced to file multiple complaints with the

Equal Employment Opportunity Commission ("EEOC") against the MCSO, resulting in a right to sue letter being issued by the EEOC against the MCSO.

137.    In 2012, William D. Snyder ("Snyder"), who had previously been employed as Captain of the CID, won the primary election for Sheriff of Martin County.

138.    After the primary election, instances of sexual harassment and discrimination against Heard increased.

139.    Within a week of Snyder's installation as Sheriff, Heard was transferred out of CID to the job of "Desk Deputy" and was ordered to take administrative leave without pay to have a psychiatric evaluation.

140.    Subsequently, Heard passed the psychiatric evaluation and returned to work. She worked her new assignment as a "Desk Deputy" for approximately a month and during that time received a letter of commendation from a victim.

141.    Within a month, without warning, Sheriff Snyder's office attempted a second Order against Heard to take administrative leave without pay.  The alleged justification for the second Order was Perales' pending internal complaint resolution, which had, at that time, been pending for a year and a half without resolution.  Moreover, during the year and a half that the complaint had been pending, no prior action had been taken against Heard and there had been no developments or changes in the status of the matter that could explain the sudden suspension.

**C. FROM FEBRUARY 2008 TO THE PRESENT, FLORIDA LAW ENFORCEMENT OFFICERS ACCESSED HEARD'S PRIVATE, LEGALLY PROTECTED INFORMATION FROM THE DAVID SYSTEM WITHOUT JUSTIFICATION 214 TIMES.**

142.    Beginning in February 21, 2008, law enforcement officers began accessing Heard's private and highly-restricted information via the DAVID system, including her home address, color photograph or image, social security number, date of birth, state of birth, detailed

vehicle registration information and description, prior and current home and mailing addresses, driving record, insurance carrier, emergency contacts and other private and highly-restricted personal information.

143.    On February 21, 2008, Christine Smith twice accessed Heard's DAVID record, including: Heard's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

144.    Frank William DiVincenzo accessed Heard's confidential DAVID record on the following dates: once on April 24, 2012; twice on April 25, 2012; once on April 26, 2012; once on April 27, 2012; and twice on February 1, 2013.   Specifically, he accessed Heard's confidential DAVID record's summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

145.    Priscila Alford accessed Heard's confidential DAVID record twice on January 19, 2012, and five times on April 20, 2012.   Specifically, she accessed Heard's confidential DAVID record's photo line up, insurance information, Heard's signature, summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle and other personal information.

146.    On March 26, 2008, James Landen accessed Heard's confidential DAVID record three times.   Specifically, he accessed Heard's confidential DAVID record's photo line up, violation history and summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

147.    On August 13, 2009, Natasha Monique Willis accessed Heard's confidential DAVID record twice.   Specifically, she accessed Heard's confidential DAVID record's summary that disclosed Heard's photograph, address, social security number, date of birth and information

on her vehicle.

148.     On August 14, 2009, Earl Edgecomb accessed Heard's confidential DAVID record twice.  Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

149.     On March 3, 2011, Mac A. Mickens accessed Heard's confidential DAVID record twice.   Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

150.     On August 25, 2008, Lizette Morales, accessed Heard's confidential DAVID record twice.  Specifically, she accessed Heard's confidential DAVID record's violations history and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

151.     On April 23, 2010, Stefanie Westley accessed Heard's confidential DAVID record twice.  Specifically, she accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

152.     On July 21, 2008, Shawn T. Barnes, accessed Heard's confidential DAVID record once.  Specifically, he accessed Heard's confidential DAVID record's summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

153.     David S. Bailey, accessed Heard's confidential DAVID record once on March 5, 2008, and four times on September 23, 2010.  Specifically, he accessed Heard's confidential

DAVID record's photo line up, violation history and summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

154. Anthony Schneider accessed Heard's confidential DAVID record twice on May 22, 2008, and twice on December 1, 2009. Specifically, he ran several times Heard's photo line up and summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

155. Bill O. Dowdy accessed Heard's confidential DAVID record three times on July 21, 2009, and once on June 21, 2011. Specifically, he accessed Heard's confidential DAVID record's photo line up, violation history and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

156. Brian E. Gervais accessed Heard's confidential DAVID record twice on January 9, 2009. Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

157. Brian J. Youngblood accessed Heard's confidential DAVID record twice on December 25, 2007. Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

158. Brian Kevin Broughton accessed Heard's confidential DAVID record twice on December 21, 2007. Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

159. Cedric Guy Humphrey accessed Heard's confidential DAVID record on

December 26, 2010.  Specifically, he accessed Heard's confidential DAVID record's summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

160.    Charles Jason Ward accessed Heard's confidential DAVID record on February 18, 2010.   Specifically, he accessed Heard's confidential DAVID record's summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

161.    Daniel Foote accessed Heard's confidential DAVID record twice on February 5, 2009, twice on March 24, 2009, and twice on May 24, 2009.  Specifically, he ran several times Heard's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

162.    Guy Richard Bach accessed Heard's confidential DAVID record twice on October 1, 2008.  Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

163.    Glenn Zirkle accessed Heard's confidential DAVID record twice on July 22, 2009.   Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

164.    Grace-Marie Zopf accessed Heard's confidential DAVID record once on August 13, 2009, once on May 15, 2010, and three times on November 24, 2010.  Specifically, she ran several times Heard's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

165.     Irissel G. Sclandra accessed Heard's confidential DAVID record twice on July 23, 2012, and twice on August 25, 2011.  Specifically, he ran several times Heard's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

166.     James Richard Piatak accessed Heard's confidential DAVID record on September 14, 2011.  Specifically, he accessed Heard's confidential DAVID record's summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

167.     Jennifer Wilson accessed Heard's confidential DAVID record four times on May 5, 2008, once on August 17, 2008, twice on November 22, 2008, twice on March 1, 2009, twice on August 23, 2009, and once on December 4, 2007.  Specifically, she ran numerous times Heard's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

168.     John D. Cummings accessed Heard's confidential DAVID record three times on January 22, 2008, once on April 23, 2009, once on May 29, 2008, once on March 16, 2009, and once on July 24, 2009.  Specifically, he ran numerous times Heard's photo line up, summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle and violations history.

169.     Kandi Ann Farineu accessed Heard's confidential DAVID record twice on September 27, 2010.  Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

170.     Kerry Burgess Megie accessed Heard's confidential DAVID record on August 13,

2009. Specifically, he accessed Heard's confidential DAVID record's summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

171. Lauren Kathleen Hines accessed Heard's confidential DAVID record on April 28, 2008, and once on November 13, 2008. Specifically, she accessed Heard's confidential DAVID record's summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

172. Lisa Ann Web accessed Heard's confidential DAVID record twice on October 7, 2010. Specifically, she accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

173. Paul Reeder accessed Heard's confidential DAVID record on January 19, 2010, and on August 8, 2012. Specifically, he accessed Heard's confidential DAVID record's summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

174. Sarah M. Rogers accessed Heard's confidential DAVID record twice on August 13, 2009. Specifically, she accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

175. Suzanne B. Clonan accessed Heard's confidential DAVID record four times on March 23, 2010. Specifically, she ran several times Heard's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

176. Tawnya Rich accessed Heard's confidential DAVID record twice on January 14, 2011. Specifically, she accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

177. Timothy Joseph Baltes Jr. accessed Heard's confidential DAVID record twice on November 19, 2008. Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

178. Trish Green accessed Heard's confidential DAVID record twice on October 3, 2011. Specifically, she accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

179. William R. McCaw accessed Heard's confidential DAVID record on March 1, 2010. Specifically, he accessed Heard's confidential DAVID record's summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

180. William R. Weiss accessed Heard's confidential DAVID record twice on June 27, 2009, and three times on September 19, 2009. Specifically, he ran several times Heard's photo line up, violations history and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

181. Kate Siemer accessed Heard's confidential DAVID record twice on August 13, 2009. Specifically, she accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and

information on her vehicle.

182.   Christopher Samuels accessed Heard's confidential DAVID record eleven times on February 27, 2012.   Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

183.   Jason Forehand accessed Heard's confidential DAVID record eleven times on January 8, 2013. Specifically, he ran several times Heard's violations history and summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

184.   Kimberly L. Conyers accessed Heard's confidential DAVID record seven times on November 7, 2012.   Specifically, she ran several times Heard's violations history and summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

185.   Random Williamson accessed Heard's confidential DAVID record around seven times on June 6, 2012. Specifically, he ran several times Heard's violations history and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

186.   Thomas Hederson accessed Heard's confidential DAVID record 16 times on September 7, 2012.   Specifically, he ran several times Heard's violations history and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

187.   Gregory T. Douberley accessed Heard's confidential DAVID record twice on August 18, 2009.  Specifically, he accessed Heard's confidential DAVID record's photo line up

and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

188.   John Glenn Rivers accessed Heard's confidential DAVID record twice on June 10, 2008.   Specifically, he ran s Heard's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

189.   Roy DeMarco accessed Heard's confidential DAVID record three times on January 10, 2013.   Specifically, he accessed Heard's confidential DAVID record's violations history and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

190.   Sean M. DeVriend accessed Heard's confidential DAVID record on January 8, 2013.   Specifically, he accessed Heard's confidential DAVID record's violations history and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

191.   Sohail Khan accessed Heard's confidential DAVID record on January 10, 2013. Specifically, he accessed Heard's confidential DAVID record's summary that disclosed Heard's photograph, address, social security number, date of birth and information on her vehicle.

192.   Dennis Beath accessed Heard's confidential DAVID record three time on August 22, 2009.   Specifically, he accessed Heard's confidential DAVID record's photographs line up, violations history and summary that disclosed Heard's photo, address, social security number, date of birth and information on her vehicle.

193.   Christopher Bentley accessed Heard's confidential DAVID record twice on July 10, 2008.   Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and

information on her vehicle.

194.    Matthew James Wood accessed Heard's confidential DAVID record twice on January 10, 2008.  Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

195.    Michael Connor accessed Heard's confidential DAVID record twice on August 13, 2009.  Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

196.    Ricahrd S. Giaccone accessed Heard's confidential DAVID record four times on August 14, 2009.  Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

197.    Shannon Dewayne Miller accessed Heard's confidential DAVID record twice on September 7, 2008.  Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

198.    James Butterworth accessed Heard's confidential DAVID record twice on August 29, 2009.  Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

199.    Reggie Wittey accessed Heard's confidential DAVID record twice on August 14, 2009. Specifically, he accessed Heard's confidential DAVID record's summary that disclosed

Heard∅s photograph, address, social security number, date of birth and information on her vehicle.

200.    David Smith accessed Heard∅s confidential DAVID record twice on August 14, 2009.   Specifically, he accessed Heard∅s confidential DAVID record∅s photo line up and summary that disclosed Heard∅s photographs, address, social security number, date of birth and information on her vehicle.

201.    Fred Massoni accessed Heard∅s confidential DAVID record twice on August 13, 2009.   Specifically, he accessed Heard∅s confidential DAVID record∅s photo line up and summary that disclosed Heard∅s photographs, address, social security number, date of birth and information on her vehicle.

202.    Linda Kane accessed Heard∅s confidential DAVID record twice on August 14, 2009.   Specifically, she accessed Heard∅s confidential DAVID record∅s photo line up and summary that disclosed Heard∅s photographs, address, social security number, date of birth and information on her vehicle.

203.    Sean Kane accessed Heard∅s confidential DAVID record twice on August 14, 2009.   Specifically, he accessed Heard∅s confidential DAVID record∅s photo line up and summary that disclosed Heard∅s photographs, address, social security number, date of birth and information on her vehicle.

204.    Tracie Presley accessed Heard∅s confidential DAVID record twice on August 13, 2009. Specifically, she accessed Heard∅s confidential DAVID record∅s photo line up and summary that disclosed Heard∅s photographs, address, social security number, date of birth and information on her vehicle.

205.    Vincent Bonagura accessed Heard∅s confidential DAVID record twice on August

14, 2009.  Specifically, he accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

206.   Diane Kirkland accessed Heard's confidential DAVID record three times on August 13, 2009.  Specifically, she accessed Heard's confidential DAVID record's photo line up and summary that disclosed Heard's photographs, address, social security number, date of birth and information on her vehicle.

207.   On February 22, 2010, and March 15, 2010, Fabian Pierce accessed Heard's confidential DAVID record's personal information.

### D. HEARD RECEIVED NO VOLUNTARY DISCLOSURE OF THE UNAUTHORIZED ACCESS TO HER CONFIDENTIAL DAVID RECORD.

208.   Under Florida law and the procedures in place with respect to the DAVID system, Heard is entitled to be informed, without unreasonable delay, of any unauthorized access of her personal information.

209.   Heard has never received notification of any of the unauthorized accesses identified above.

210.   Heard only found out that law enforcement personnel had unlawfully accessed her information once she requested an audit of her DAVID records from the DHSMV.

211.   A "BOLO" is an all-points bulletin broadcast issued from a law enforcement agency containing information about a wanted suspect who is to be arrested, or a person of interest, for whom law enforcement officers are to locate.

212.   Based on information and belief, Heard was never the subject of a BOLO.

213.   On information and belief, despite the training given to Florida agencies and law enforcement personnel regarding the DAVID system, Defendant Entities and Defendant

Supervisors, allowed their employees, including, but not limited to, Individual Defendants, to view Plaintiff's private driver's license information for other than authorized purposes.

214.    On information and belief, Defendant Entities, Defendant Supervisors, the FDLE, under the direction of Defendant Bailey, and the DHSMV, under the direction of Defendant Jones, permitted, condoned, or acquiesced in this illegal access to Plaintiffs' private information, and knew or should have known that it was occurring.

215.    On information and belief, this illegal access occurred with regularity not only with respect to Heard's private information but that of other Florida drivers as well.

216.    Defendant Entities, Defendant Supervisors, the FDLE under the direction of Defendant Bailey, and the DHSMV under the direction of Defendant Jones, have lax policies or implementation of these policies that allowed these intrusions to occur.

217.    Defendant Entities, Defendant Supervisors, the FDLE, under the direction of Defendant Bailey, and the DHSMV under the direction of Defendant Jones, either have no viable method or have an inadequate method of ascertaining and controlling the illegal access to individuals' private information in the DAVID system by their officers.

218.    Heard never waived the protections of the Driver Privacy Protection Act.

**E. HEARD HAS BEEN SIGNIFICANTLY HARMED BY THIS INTRUSION INTO HER PRIVATE LIFE.**

219.    The sheer quantity of these intrusions into Heard's private life, demonstrates that law-enforcement personnel are unfairly hostile toward Heard's privacy and safety.

220.    As a result of this invasion of privacy and illegal searches, Heard does not feel comfortable in public places frequented by law enforcement personnel. As a result, Heard now avoids many public places.

221.    As a result of this invasion of privacy and illegal searches, Heard has been forced

to significantly curtail her social contacts and activities.

222.     As a result of the invasion of privacy and illegal searches, Heard feels that she has no privacy.

223.     As a result of the invasion of privacy and illegal searches, Heard fears contacting law enforcement agents in an emergency situation.

224.     As a result of the invasion of privacy and illegal searches, Heard is unable to engage in many normal activities with her son that may place her son in close proximity to the very law enforcement personnel who invaded her personal information.

225.     Heard also fears on-going violations of her right of privacy.

## V.     CLAIMS

### COUNT I
### (Violation of the Driver's Privacy Protection Act, 18 U.S.C. § 2721, et seq. – Against Individual Defendants and Defendant Supervisors)

226.     Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 225 of the Complaint as Paragraph 226 of Count I of the Complaint as if fully set forth herein.

227.     Heard provided information to the DHSMV, including her home address, color photograph or image, social security number, date of birth, state of birth, detailed vehicle registration information and description, prior and current home and mailing addresses, emergency contacts and those contacts private and highly-restricted personal information, in part, for the purpose of acquiring and using a Florida driver's license.

228.     The DHSMV maintains Plaintiff's driving record and her personal information on the DAVID system.

229.     Heard has never consented to have any of the above-listed Defendants obtain, disclose or use her private information maintained on the DAVID system for any purpose other than official law enforcement business.

230.     On information and belief, the accesses of Heard's DAVID system record as described herein were not made in accordance with any on-going investigation or any proper law-enforcement purpose.

231.     The Driver's Privacy Protection Act provides relief for violations of a person's protected interest in the privacy of their motor vehicle records and the identifying information therein.

232.     Intentionally obtaining, disclosing or using driver's license information without an authorized purpose is a violation of the Driver's Privacy Protection Act, which provides for criminal fines and civil penalties. 18 U.S.C. §§ 2723 & 2724.

233.     Each Individual Defendant, has violated Heard's right to privacy under the Driver's Privacy Protection Act.

234.     The FDLE, under the direction of Defendant Bailey, and the DHSMV, under the direction of Defendant Jones, knowingly disclosed Plaintiff's private and personal information maintained on the DAVID system for purposes not permitted under the Driver's Privacy Protection Act.

235.     Each Individual Defendant knowingly obtained, disclosed, or used Plaintiff's personal information from the DAVID system for a purpose not permitted under the Driver Privacy Protection Act., 18 U.S.C. § 2724(a).

236.     None of the Individual Defendants' activities fell within the Driver's Privacy Protection Act's permitted exceptions for procurement of Plaintiff's private information.

237.     Each Individual Defendant knew or should have known that their actions related to Plaintiff's personal information were in violation of the Driver's Privacy Protection Act.

238.     Defendant Supervisors knowingly or recklessly authorized, directed, ratified,

approved, acquiesced in, committed or participated in obtaining, disclosing or the use of Plaintiffs' private personal information by the Individual Defendants.

239. Heard has, and continues to, suffer emotional harm and potential financial harm as the result of the illegal access to her DAVID system record.

240. Each Individual and Defendant Supervisor willfully and recklessly disregarded the protections afforded Heard under the Driver's Privacy Protection Act, 18 U.S.C. § 2724(b).

WEHEREFORE, Plaintiff, JENNIFER D. HEARD, respectfully requests this Court to enter judgment in her favor and against the Individual Defendants and the Defendant Supervisors, and to award actual and punitive damages, statutory damages of $2,500 per violation, reasonable attorneys' fees, litigation expenses and costs reasonably incurred, equitable relief and such other and further relief as the Court deems just and appropriate under the circumstances.

**COUNT II**
**(Violation of the Driver's Privacy Protection Act, 18 U.S.C. § 2721, et seq. –**
**Against Municipalities, Defendant Entities and Defendant Counties)**

241. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 240 of the Complaint as Paragraph 241 of Count II of the Complaint as if fully set forth herein.

242. In order to obtain access to the DAVID system, the Individual Defendants had to use special codes provided to them by the Defendant Entities where they work.

243. The Individual Defendants can access the DAVID system only in the police car, through Defendant Entities' computers or through other devices located at the Defendant Entities' offices.

244. Thus, the Individual Defendants were acting with the apparent authority of the Municipalities, Defendant Entities and Defendant Counties when they violated the Driver's

Privacy Protection Act by obtaining Heard's personal information for impermissible purposes.

245.    The Individual Defendants are agents of the Municipalities, Defendant Entities and Defendant Counties.

246.    Therefore, the Municipalities, Defendant Entities and Defendant Counties are vicariously liable for Defendant Individuals' violations of the Driver Privacy Protection Act.

WHEREFORE, Plaintiff, JENNIFER D. HEARD, respectfully requests this Court to enter judgment in her favor and against the Municipalities, Defendant Entities and Defendant Counties, and to award actual and punitive damages, statutory damages of $2,500 per violation, plus expenses and costs, reasonable attorneys' fees, prejudgment interest, equitable relief and such other and further relief as the Court deems just and appropriate under the circumstances.

## COUNT III
### (Violation of 42 U.S.C. § 1983 by the Individual Defendants)

247.    Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 225 of the Complaint as Paragraph 247 of Count III of the Complaint as if fully set fourth herein.

248.    The Driver's Privacy Protection Act creates a right of privacy with respect to a person's driver's license information, and prohibits the unauthorized access of such information.

249.    At no time did Heard behave in a manner that would provide any legal justification to access her personal information maintained on the DAVID system.

250.    The right of privacy created by the Driver's Privacy Protection Act is enforceable under 42 U.S.C. § 1983.

251.    The individual Defendants accessed Heard's record on the DAVID system while acting under color of state law.

252.    Miguel Perales, acting in concert with an employee of the Martin County Sheriff's Department and perhaps the Martin County Sheriff's Department itself, disseminated

protected information illegally obtained and therefore deprived the Heard of her right to privacy.

253.    Miguel Perales used the protected information against Heard in a paternity matter currently pending in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County.

254.    Each unauthorized and illegal access of Heard's record on the DAVID system constitutes a violation of 42 U.S.C. § 1983.

255.    As a direct and proximate result of the acts and omissions of the Defendant Individuals, Heard endured mental suffering, and was damaged in an amount yet to be determined, but believed to be in excess of $1,000,000.

WHEREFORE, Plaintiff, JENNIFER D. HEARD, respectfully requests this Court to enter judgment in her favor and against the Defendant Individuals and MIGUEL PERALES, and award damages in an amount not yet ascertainable but believed to be in access of $1,000,000, punitive damages, plus expenses and costs, reasonable attorneys' fees, prejudgment interest, equitable relief and such other and further relief as the Court deems just and appropriate under the circumstances.

## COUNT IV
### (Negligent Supervision under 42 U.S.C. § 1983 – Against Defendant Supervisors)

256.    Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 225 of the Complaint as Paragraph 256 of Count IV of the Complaint as if fully set forth herein.

257.    Access of Heard's personal information through the DAVID system by the Individual Defendants without permissible cause poses a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff.  The violations of Heard's constitutional rights and those of other persons by Defendant Individuals are widespread and continuous.

258.    The Defendant Supervisors had actual or constructive knowledge of various

violations of the Driver Privacy Protection Act, as referenced above, by the Individual Defendants under their control.

259.    The Defendant Supervisors failed to adequately control and supervise the Individual Defendants regarding the unlawful accessing of Heard's personal data maintained on the DAVID system.

260.    Upon information and belief, the Defendant Supervisors' response to such violations of Heard's rights and those of other persons was so inadequate as to show deliberate indifference and/or tacit authorization of such violations.

261.    As a result of such conduct, Plaintiff has endured physical, emotional and potential financial injury in an amount not yet ascertainable, but believed to be in excess of $1,000,000.

WHEREFORE, Plaintiff, JENNIFER D. HEARD, respectfully requests this Court to enter judgment in her favor and against the Defendant Supervisors, and award damages in an amount not yet ascertainable but believed to be in excess of $1,000,000, punitive damages, plus expenses and costs, reasonable attorneys' fees, prejudgment interest and for any other and further relief as the Court deems just and appropriate under the circumstances.

## COUNT V
**(Violation of Plaintiff's Right to Privacy Under 42 U.S.C. § 1983 – Against Defendant <u>Entities, Municipalities and Defendant Counties)</u>**

262.    Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 225 of the Complaint as Paragraph 262 of Count V of the Complaint as if fully set forth herein.

263.    On information and belief, under the rules, regulations and procedures established and enforced by the Defendants Entities, Municipalities and Defendant Counties, it has been, and remains, an accepted and common practice for law enforcement personnel, including officers and

their supervisors, to unlawfully and impermissibly access an individualsø personal information on law enforcement databases, including the DAVID system.

264.    Further, on information and belief, under the rules, regulations and procedures established and enforced by the Municipalities, Defendant Entities and Defendant Counties, and under the enforcement of those rules, regulations and procedures, individual law enforcement personnel are rarely, if ever, held accountable for impermissible access and dissemination of confidential information on databases, including the DAVID system.

265.    The failure of the Municipalities, Defendant Counties and Defendant Entities to promulgate and/or enforce adequate rules, regulation and procedures to prevent the illegal access and dissemination of confidential information on databases, including the DAVID system constitutes a violation of 42 U.S.C. § 1983.

266.    As a direct and proximate result of the conduct of Municipalities, Defendant Counties and Defendant Entities in violation of 42 U.S.C. § 1983, Plaintiff has endured physical, emotional and potential financial injury in an amount not yet ascertainable, but believed to be in excess of $1,000,000.

WHEREFORE, Plaintiff, JENNIFER D. HEARD, respectfully requests this Court to enter judgment in her favor and against the Municipalities, Defendant Counties and Defendant Entities, and award damages in an amount not yet ascertainable but believed to be in excess of $1,000,000, plus expenses and costs, reasonable attorneysø fees, prejudgment interest and for any other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT VI
**(Violation of Plaintiff's Civil Rights Under 42 U.S.C. § 1983 – Against the Individual
Defendants)**

267.    Plaintiff restates and realleges the allegations contained in Paragraphs 1 through

225 of the Complaint as Paragraph 267 of Count VI of the Complaint as if fully set forth herein.

268.    At no time did Heard behave in the manner that would provide any legal justification for the invasion of her privacy as alleged herein.

269.    The Driver's Privacy Protection Act establishes that obtaining an individual's driver's license information without legitimate purpose constitutes an illegal search under the meaning of the Fourth Amendment to the Bill of Rights.

270.    The Individual Defendant's accessing of Heard's personal information violated the laws of the State of Florida, the Forth Amendment and the laws of the United States.

271.    Each Individual Defendant was deliberately indifferent to Heard's statutory and civil right to be free from illegal searches, invasions of privacy and unauthorized accessing of her private driver's license information.

272.    The acts of each Individual Defendant, acting under the color of state law, constituted an invasion or repeated invasions of Heard's clearly established privacy rights, guarantied by the Bill of Rights and the Fourth Amendment to the United States Constitution, the laws of the United States, including the Driver's Privacy Protection Act, and the laws of the State of Florida.

273.    As a direct and proximate result of the conduct of the Individual Defendants in violation of 42 U.S.C. § 1983, Plaintiff has endured physical, emotional and potential financial injury in an amount not yet ascertainable, but believed to be in excess of $1,000,000.

WHEREFORE, Plaintiff, JENNIFER D. HEARD, respectfully requests this Court to enter judgment in her favor and against the Individual Defendants, and award damages in an amount not yet ascertainable but believed to be in excess of $1,000,000, plus expenses and costs, reasonable attorneys' fees, prejudgment interest, punitive damages and for any other and further

relief as the Court deems just and appropriate under the circumstances.

## COUNT VII
### (Violation of Plaintiff's Civil Rights Under 42 U.S.C. § 1983 – Against the Municipalities, Defendant Counties and Defendant Entities)

274.    Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 273 of the Complaint as Paragraph 274 of Count VII of the Complaint as if fully set forth herein.

275.    On information and belief, under the rules, regulations and procedures established by the Defendant Entities, Defendant Counties and Municipalities and under the enforcement of those rules, regulations and procedures, it has been, and remains, an accepted and common practice for law enforcement personnel, including officers and their supervisors, to unlawfully and impermissibly access an individual's information on law enforcement databases, including the DAVID system.    Such unlawful and impermissible access of individual information constitutes an illegal search under the meaning of the Fourth Amendment to the Bill of Rights.

276.    Further, on information and belief, under the rules, regulations and procedures established and enforced by the Municipalities, Defendant Counties and Defendant Entities, individual law enforcement personnel are rarely, if ever, held accountable for illegal searches under the meaning of the Fourth Amendment to the Bill of Rights.

277.    The failure of the Municipalities, Defendant Counties and Defendant Entities to promulgate and/or enforce adequate rules, regulation and procedures to prevent the illegal searches and invasion of privacy constitutes a violation of 42 U.S.C. § 1983.

278.    As a direct and proximate result of the conduct of the Municipalities, Defendant Counties and Defendant Entities in violation of 42 U.S.C. § 1983, Plaintiff has endured physical, emotional and potential financial injury in an amount not yet ascertainable, but believed to be in

excess of $1,000,000.

WHEREFORE, Plaintiff, JENNIFER D. HEARD, respectfully requests this Court to enter judgment in her favor and against the Municipalities, Defendant Counties and Defendant Entities, and award damages in an amount not yet ascertainable but believed to be in excess of $1,000,000, plus expenses and costs, reasonable attorneys' fees, prejudgment interest and for any other and further relief as this Court deems just and appropriate under the circumstances.

JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

JENNIFER D. HEARD,
Plaintiff

By: _____
         One of Her Attorneys

Lee N. Feinberg, Esq.
Law Offices of Lee N. Feinberg, P.A.
532 Colorado Avenue
Stuart, Florida  34994
(T): (772) 398-4666
(F): (772) 463-0778


Daniel J. Voelker, Esq. (*pro hac vice* admission pending)
Olga S. Dmytriyeva, Esq. (*pro hac vice* admission pending)
VOELKER LITIGATION GROUP
311 West Superior Street, Suite 500
Chicago, Illinois 60654
(T): (312) 870-5420
(F): (312) 870-5431
dvoelker@voelekrlitigationgroup.com
olga@voelkerlitigationgroup.com

Dated: August 30, 2013